**02D09-1703-CT-000170**

Allen Superior Court 9

Filed: 3/31/2017 3:17:48 PM
Clerk
Allen County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |

| | | |
|---|---|---|
| ROSZETTA CLARK | ) | CAUSE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **SUMMONS** |
| BENCHMARK HUMAN | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

TO THE RESPONDENT/DEFENDANT:

> Benchmark AWS
> c/o Jeremy V. Senk
> 301 W. Jefferson Boulevard, Ste. 200
> Fort Wayne, IN 46802

You have been sued by the person(s) named above. The claim made against you is attached with this Summons; please examine all pages carefully. The "X" marked below indicates the time limit you have to FILE YOUR ANSWER.

| | |
|---|---|
| **X** | Certified Mail You or your attorney must file a written answer to the claim WITHIN TWENTY-THREE (23) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed. |
| | Personal Service: You or your attorney must file a written answer to the claim WITHIN TWENTY (20) DAYS, commencing the day after you receive this summons, or judgment may be entered against you as claimed. |

Your answer is considered filed the day it is received in the office of the Clerk of the Allen Circuit and Superior Courts, Courthouse, Room 201, 715 South Calhoun Street, Fort Wayne, Indiana, 46802. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove that you filed the answer. If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If this Summons is accompanied by a Notice to Appear or of Hearing, you must appear in this Court at the above address on the date and time stated on the attached Notice form. IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.

Dated: 3/31/2017

*Lisbeth A. Borgmann* MJ
CLERK OF ALLEN SUPERIOR COURT

John C. Theisen, Attorney for Plaintiff
THEISEN & ASSOCIATES, LLC
810 South Calhoun Street, Suite 200
Fort Wayne, Indiana, 46802
(260)422-4255   Attorney Number: 549-02





**EXHIBIT**

"A"

## MANNER OF SERVICE
(To be completed by Party Preparing Summons)

SHERIFF shall serve this Summons as follows:

XXXXXXXXX Personal service
_____ Leaving a copy at dwelling or place of employment

CLERK shall serve this Summons as follows:

_____ regular mail
_____ certified mail
_____ publication

OTHER manner of service:

_____ attorney to serve

_____ private process server,

_____ other (describe in particular and note Trial Rule)

### CERTIFIED MAIL.
I hereby certify, as indicated in the date issued field, that a copy of this Summons was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Columbia City a, return service was/was not receipt requested. therein.

Date issued: ...........................................

_____
Clerk of Allen Circuit and Superior Courts

I hereby certify that service by registered/certified mail at Columbia City,

Indiana, was attempted as required by law to the
person and address

stated on the return receipt attached; and that made, according to the information contained

Date issued:_____

_____
Clerk of Allen Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: ...............

_____
Signature of Party          Relationship (if not the within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**          Place the letter in the space ( ) to indicate type of service.

I served a copy of this Summons as specified     (  ...........................)

READING/delivering a copy          (A) to the within named party:

LEAVING A COPY for the within named party

(B) with the SPOUSE named:               (F) with the SECRETARY, named:
(C) with the RELATIVE, named:            (G) with the ATTORNEY, named:
(D) at the RESIDENCE, located at:        (H) with this person (OTHER – specify):
(E) with the EMPLOYER, named:

_____
*Specify name of person, work supervisor, place of business, or location where copy was left.

and (if applicable) by sending a copy of this Summons by first-class mail to the last known address of the within named person as indicated below:

_____
Last Known Address of Person Named in the Summons (or Change of Address)

I DID NOT SERVE THE WITHIN SUMMONS BECAUSE: (_____)

(I)  the party was NOT FOUND/NO SUCH ADDRESS
(J)  the document EXPIRED.
(K)  the party AVOIDED service.
(L)  the party REFUSED service.

(M)  the party was NO LONGER EMPLOYED at that address.

(N)  the document was returned by the authority of the plaintiff.
(O)  the party is DECEASED.

(P)  the party was UNKNOWN AT THAT ADDRESS.
(Q)  the party was on SICK LEAVE/LAY OFF.

.............................

(R)  the party was on VACATION.
(S)  the party was NOT FOUND/VACANT.
(T)  the party was NOT FOUND/MOVED.
(U)  the party was NOT FOUND IN THIS BAILIWICK
(V)  INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN
(W)  they are NO LONGER IN BUSINESS
(X)  several attempts were made/UNABLE TO SERVE
(Y)  of the following reason (OTHER- specify):

I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.

_____          _____          _____
Date Served/Attempted                 Time Served/Attempted                 Signature of Sheriff of Allen County, Indiana
                                                                            (or other Officer)

                                      By:  _____
                                           (Printed Name of Process

**02D09-1703-CT-000170**

Allen Superior Court 9

Filed: 3/31/2017 3:17:48 PM
Clerk
Allen County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |

| | | |
|---|---|---|
| ROSZETTA CLARK | ) | CAUSE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENCHMARK HUMAN | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1. The party on whose behalf this from is being filed is:
   Initiating __X__ Responding _____ Intervening _____; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following party member: **Roszetta Clark**

   Address of party:   2910 Bowser Ave
   Fort Wayne, IN 46806

   Telephone # of party: (260) 246-2707

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 *and* 77(B) is as follows:

   | Name: | John C. Theisen | Atty Number 549-02 |
   |---|---|---|
   | | Nathaniel Hubley | Atty Number 28609-64 |
   | | Alex S. Schreiber | Atty Number: 31503-64 |

   | Address: | 810 South Calhoun Street | Phone: (260) 422-4255 |
   |---|---|---|
   | | Suite 200 | FAX:  (260) 422-4245 |
   | | Fort Wayne, Indiana 46802 | |

   | Email: | jtheisen@theisen-associates.com |
   |---|---|
   | | nhubley@theisen-associates.com |
   | | aschreiber@theisen-associates.com |

   **IMPORTANT:** Each attorney specified on this appearance:

   (a)   certifies that the contact information listed for him/her on the Indiana Supreme

Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(a).

3. This is a CT case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes _____ No _X_

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes _____ No _X_

6. This case involves a petition for involuntary commitment. Yes _____ No _X_

7. There are related cases: Yes _____ No _X_

8. Additional information required by local rule:

_____  _____  _____

9. There are other party member: Yes _____ No _X_

10. This form has been served on all other parties and Certificate of Service is attached: Yes _X_ No _____

Respectfully submitted,

**THEISEN & ASSOCIATES, LLC**

_/s/ Nathaniel O. Hubley_____
John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
Alex S. Schreiber (31503-64)
810 South Calhoun Street, Suite 200
Fort Wayne, Indiana 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245

_ATTORNEYS FOR PLAINTIFF_

# Click to view documents

**Complaint/Equivalent Pleading**

| | | |
|---|---|---|
| Filing Type | EFileAndServe | |
| Filing Description | Complaint With Exhibits | |
| Comments | | |
| Lead Document | Filed Complaint.pdf | [Download link] |
| Document | Ex. 1 LOR Benchmark.pdf | [Download link] |
| Document | Ex. 2 App Adjust Claim.pdf | [Download link] |
| Document | Ex. 3 Charge of Discrimination.pdf | [Download link] |
| Document | Ex. 4 Dismissal and Notice.pdf | [Download link] |

**02D09-1703-CT-000170**

Allen Superior Court 9

Filed: 3/31/2017 3:17:48 PM
Clerk
Allen County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |
| | | |
| ROSZETTA CLARK | ) | CAUSE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENCHMARK HUMAN | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Roszetta Clark ("Clark"), for her causes of action against Benchmark Human Services ("BHS") states and alleges as follows:

### I.

### INTRODUCTION

1.     This lawsuit arises from Clark's employment and termination from employment by BHS on or about April 29, 2016. Clark asserts BHS terminated her in retaliation for getting injured on the job and seeking to exercise her rights to benefits under the Indiana Worker's Compensation Act. Clark also asserts that BHS discriminated against her based upon her disability in violation of the Americans with Disabilities Act Amendments Act of 2008. Clark further asserts that BHS retaliated against her for seeking and taking medical leave pursuant to the Family Medical Leave Act ("FMLA"). Clark seeks all appropriate legal and equitable relief including back pay, front pay, damages for the loss of fringe benefits, compensatory damages, liquidated damages, punitive damages and attorneys' fees.

-1-

## II.

## PARTIES

2.     Clark is an individual citizen and resident of Fort Wayne, Allen County, Indiana.

3.     BHS is a limited liability company organized and existing under and by virtue of the laws of the State of Indiana with its principle place of business located in Allen County, Indiana.

## III.

## JURISDICTION AND VENUE

4.     This Court has both personal and subject matter jurisdiction because this lawsuit involves state laws and federal laws that provide for concurrent jurisdiction and the parties are citizens of the State of Indiana. Allen County is the appropriate venue because it is the county where BHS is located.

## IV.

## STATEMENT OF FACTS

5.     On March 27, 2006, Clark began her employment with BHS as a group home Direct Support Professional.

6.     On November 2, 2015, Clark was working at a BHS group home when a BHS client attacked her causing her serious injuries to her back, right shoulder and left knee.

7.     From November 3, 2015 through November 9, 2015, Clark was off work for her injuries and underwent medical treatment.

8.     On November 10, 2015 and November 11, 2015, Clark worked at BHS' corporate office doing light duty work by assembling presentation folders. During this process, Clark noticed that the pain in her right shoulder was getting progressively worse so she notified the Human

Resource Compliance Coordinator, Paula M. Spall, on several occasions but was told to continue to do the work.

9.    By the end of the workday on November 10, 2015, Clark's right shoulder was very painful and swollen.

10.    The following morning, on November 11, 2015, Clark went to physical therapy and complained about her right shoulder pain becoming progressively worse.

11.    Clark was told that the right shoulder injury was not work-related and that BHS would not provide her any medical treatment for her right shoulder. BHS accused Clark of using improper body mechanics when she was assembling the presentation folders and that it was the result of these alleged improper body mechanics that Clark injured her right shoulder. Clark simply assembled the presentation folders as instructed by Paula M. Spall.

12.    Prior to the BHS client attacking Clark on November 2, 2015 and prior to the aggravation of her right shoulder injury on November 10, 2015 and November 11, 2015, Clark did not have any problems with her right shoulder.

13.    Due to BHS' baseless position that the right shoulder injury was not work-related and due to BHS' refusal to provide Clark with any treatment for her right shoulder, Clark was forced to go to her primary care provider ("PCP") for medical treatment on her right shoulder.

14.    On November 13, 2015, Clark's PCP assigned Clark five pound weight restrictions. Clark took the work restrictions to BHS.

15.    BHS never talked with Clark about attempting to accommodate Clark's work restrictions. Instead, BHS tried forcing Clark to work at a group home that had clients who were known to have high behaviors (violent outbursts). When Clark pointed out to BHS that her current

-3-

medical condition rendered her unable to work with high behavior clients (violent clients), the BHS management became angry with Clark and stated they were "done with her".

16.      Because BHS refused to accommodate Clark's work restrictions, Clark had to seek FMLA leave because she was in no condition to work with violent clients and her work restrictions precluded her from doing so.

17.      Clark felt as though BHS was trying to make her life miserable and get her to quit.

18.      Once Clark went on FMLA leave, she attempted on several occasions to speak with members of BHS management to verify her allotted time off and other benefit concerns, however, BHS management refused to talk with her or provide her with the information requested.

19.      Again, Clark felt as though BHS was trying to get her to quit.

20.      On or about November 16, 2015, Clark retained legal counsel to represent her in her worker's compensation claim since BHS refused to provide Clark treatment for her right shoulder injury on the grounds that the injury was due to improper body mechanics. Clark's legal counsel sent notification to BHS on November 16, 2015 that Clark was challenging BHS' denial of worker's compensation benefits. A copy of the letter of representation sent to BHS is attached as Ex. 1.

21.      On December 8, 2015, Clark filed an Application for Adjustment of Claim with the Indiana Worker's Compensation Board seeking a hearing on BHS' denial of Clark's worker's compensation benefits to Clark. A copy of the Application for Adjustment of Claim is attached as Ex. 2.

22.      On December 11, 2015, Clark filed a Charge of Discrimination, a copy of which is attached as Ex. 3.

23.      When Clark returned to work at BHS after taking FMLA leave, she felt as though

-4-

BHS management was mad at her for having taken the FMLA leave and indirectly accused Clark of being a trouble-maker.

24.     On March 20, 2016, Clark was a the group home and had simply asked one of her co-workers where certain paperwork was located and her co-worker just started going off on Clark. BHS counseled the staff at the group home for the alleged "verbal altercation" between Clark and her co-workers and retrained all staff at the group home on BHS' policy.

25.     Prior to the alleged "verbal altercation" on March 20, 2016, Clark had gone to BHS' Human Resources Director, to her immediate supervisor, Ryan Moore, and to the group home manager, Tom Foster, with her concerns about her co-workers at the group home. However, Clark's concerns were ignored and BHS never took any steps to address Clark's concerns.

26.     Prior to the counseling on March 20, 2016, Clark had no performance problems and had exceeded her employer's expectations.

27.     On April 16, 2016, Clark was accused of being "very loud and yelling at a coworker over the coworker's attire". Clark strongly disagrees that she was "very loud or yelling" at her co-worker which can be verified by Bryson Lowe who witnessed the exchange.

28.     As a result, of this baseless accusation, BHS suspended Clark on April 22, 2016.

29.     On May 4, 2016, BHS notified Clark that she had been terminated effective April 29, 2016.

30.     Prior to her termination, Clark had never been written up, let alone disciplined.

31.     Upon information and belief, BHS never disciplined Clark's co-workers who were involved in the alleged verbal altercations on March 20, 2016 or April 16, 2016.

32.     Since her work-related injury on November 2, 2015, Clark felt as though BHS was

trying to make her life miserable in an attempt to get Clark to quit her job.

33.     On January 24, 2017, Clark received a Dismissal and Notice of Rights from the EEOC, a copy of which is attached as Ex. 4.

## V.

## STATEMENT OF CLAIMS

## COUNT I – RETALIATORY DISCHARGE FOR SEEKING WORKER'S

## COMPENSATION BENEFITS

34.     Clark incorporates by reference paragraphs 1 through 33 as if same were fully set forth herein.

35.     Clark contends that she was retaliated against and ultimately terminated because she sustained, reported a work-related injury and sought to exercise her rights to worker's compensation benefits.

## COUNT II – ADA VIOLATIONS

36.     Clark incorporates by reference paragraphs 1 through 33 as if same were fully set forth herein.

37.     In the alternative, Clark asserts that she was discriminated and retaliated against in violation of the Americans with Disabilities Act Amendments Act of 2008.

38.     After sustaining the serious injuries on November 2, 2015, BHS perceived Clark as disabled and failed to engage in any type of interactive process to attempt to reasonably accommodate any disability Clark had or which BHS perceived Clark had. Additionally, after her work-related injury, BHS had Clark perform work that aggravated her right shoulder injury and, despite's Clark's repeated pleas to BHS that the work it was making her perform was causing

additional injury to her right shoulder, BHS ignored Clark's pleas and made her continue to do the work which aggravated her right shoulder injury. Subsequently, BHS attempted to place Clark in a group home with violent clients despite's Clark's work restrictions and Clark had to object to the job placement and ultimately take FMLA leave because it would not have been safe for her to work with very violent clients given her medication condition at the time.

### COUNT III – FMLA Violation – Retaliation

39.     Clark incorporates by reference Paragraphs 1 through 33 as if same were fully set forth herein.

40.     Clark asserts that BHS retaliated against her for requesting and taking FMLA leave. After Clark had taken FMLA leave BHS, on a number of occasions, completely ignored Clark's requests for information about her allotted time off and other benefit concerns. When Clark returned from taking FMLA leave, she felt as though BHS management was mad at her for taking the FMLA leave and Clark was disciplined (for the first time since starting work at BHS in 2006) and ultimately fired for absurd and baseless reasons.

41.     BHS' retaliation against Clark for Clark's having taken FMLA is unlawful under the FMLA.

### VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Roszetta Clark, requests the following relief:

1.     An order of the Court granting judgment in her favor;

2.     An award of damages sufficient to compensate her for her losses including, but not limited to the following:

   a)     back pay;

-7-

b)      front pay;

c)      liquidated damages, if appropriate;

d)      compensatory damages to compensate her for her embarrassment, humiliation, and emotional distress;

e)      punitive damages, if appropriate;

3.      Pre-judgment interest;

4.      Costs of this action;

5.      Reasonable attorney's fees;

6.      Any and all other relief appropriate and just under the circumstances.


Respectfully submitted,

***THEISEN & ASSOCIATES, LLC***

John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
Alex S. Schreiber (31503-64)
810 South Calhoun Street, Suite 200
Fort Wayne, Indiana 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
*ATTORNEYS FOR PLAINTIFF*

\* \* \* Communication Result Report ( Nov. 16, 2015  4:17PM ) \* \* \*

Date/Time: Nov. 16, 2015  4:14PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 3543 | Memory TX | 4440006 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 4) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size     E. 6) Destination does not support IP Fax

---

# F A X

**Theisen & Associates**
810 S. Calhoun St., Suite 200
Fort Wayne, IN 46802
(260) 422-0700
Fax: (260) 422-4245

**To:** Benchmark Human Services
Attn: Medical Records / Release of Information
Fax number: 260-444-0006

**From:** Attorney Nate Hubley
Fax number: 260-422-4245

**Date:** 11/16/2015

**Regarding:**
Roszetta Clark
DOB: 02/03/1970
SSN: XXX-XX-7699

**Comments:**

Enclosed is a signed authorization to disclose health information. Please forward the requested medical records/workers compensation file to us.

If you need anything else please contact me.

Thank you for your time and consideration.

Nathaniel O. Hubley



 

**Theisen & Associates**
810 S. Calhoun St., Suite 200
Fort Wayne, IN 46802
(260) 422-4255
Fax: (260) 422-4245



To:
Benchmark Human Services
Attn: Medical Records / Release of Information
Fax number: 260-444-0006

From: Attorney Nate Hubley
Fax number: 260-422-4245

Date: 11/16/2015

Regarding:
Roszetta Clark
DOB: 02/03/1970
SSN: ***-**-7699

**Comments:**

Enclosed is a signed authorization to disclose health information.  Please forward
the requested medical records/workers compensation file to us.
If you need anything else please contact me.


Thank you for your time and consideration.

Nathaniel O. Hubley

 Theisen &
A s s o c i a t e s



November 16, 2015

Benchmark Human Services
8515 Bluffton Road
Fort Wayne, IN 46809

*Via US mail and Facsimile: 260-444-0006*

| Re: | **Our Client:** | **Roszetta Clark** |
| --- | --- | --- |
| | **DOI:** | **11/2/2015** |
| | **Employer:** | **Anthony Wayne Services** |
| | **Location:** | **ESN House-Ossian** |

To Whom It May Concern:

Please be advised that the law firm of the undersigned counsel has been retained to represent and protect the interests of Roszetta Clark ("Clark") with respect to injuries she sustained within the scope and in the course of her employment with Anthony Wayne Services ("AWS").

Our client disagrees with AWS' decision to not provide treatment for her back and right upper extremity injury sustained from the November 2, 2015 work-related injury.

So that I might be in possession of all relevant medical information, I would greatly appreciate you forwarding me copies of all medical records generated as a result of Clark's treatments. Additionally, I would respectfully request that you forward to me any documents filed with the Indiana Workers Compensation Board regarding Clark's work related injury.

I look forward to working with you in the hopes of achieving an amicable resolution of this matter. If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

*THEISEN & ASSOCIATES, LLC*

Nathaniel O. Hubley

FAXED

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient Name: Roszetta Clark
Date of Birth: 02/03/1970

Address: 2910 Bowser Ave Fort Wayne IN 46806
Social Security Number:   ***-**-7699

1. I authorize the use or disclosure of the above named individual's health information as described below:
2. The following individual or organization is authorized to make the disclosure:

Benchmark Human Services
8515 Bluffton Road
Fort Wayne, In 46809
(260) 744-6145

3. The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)

☐ problem list
☐ medication list
☐ list of allergies
☐ immunization record
☐ most recent history and physical
☐ most recent discharge summary
☐ laboratory results          from (date) _____ to (date) _____
☐ x-ray and imaging reports   from (date) _____ to (date) _____
☐ consultation reports        from (doctors' names) _____
☒ entire record
☒ other Entire Worker's Compensation File _____

4. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. This information may be disclosed to and used by the following individual or organization:
THEISEN, & ASSOCIATES, LLC
Address: 810 South Calhoun Street, Suite 200, Fort Wayne, Indiana 46802
for the purpose of: Litigation

6. I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition: March 1, 2016. If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

7. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (insert HIM director, privacy officer, or other office or individual's name or contact information).

Roszetta Clark
Client

11-16-15
Date



STATE OF INDIANA

MICHAEL D. PENCE, Governor

Linda Peterson Hamilton, Chairman
WORKERS COMPENSATION BOARD
402 West Washington Street, Room W 196
Indianapolis, Indiana 46204-2753
Telephone: (317) 232-3808
http://www.in.gov/workcomp

December 10, 2015

BENCHMARK HUMAN SERVICES
8515 BLUFFTON ROAD
FORT WAYNE, IN 46809

Cause Number: C-232578
Date of Alleged Injury: 11/2/2015
ROSZETTA CLARK v. BENCHMARK HUMAN SERVICES

Dear Sir or Madam:

Notice is hereby given that the Worker's Compensation Board has received an application for a hearing from the claimant listed herein.

Two copies of the filed application are enclosed for your use. One is to be sent to your worker's compensation/occupational diseases insurance carrier within seven (7) days, the other is to be retained for your records.

A hearing to resolve this matter will be set at the first available date convenient for all parties and the Board.

If you have any questions regarding this matter, please contact the Worker's Compensation Board at (317) 232-3808 or (800) 824-2667.

Sincerely Yours,
WORKERS COMPENSATION BOARD OF INDIANA
Executive Secretary

PLAINTIFF: ROSZETTA CLARK
NATHANIEL HUBLEY, ATTORNEY-AT-LAW

DEFENDANT: BENCHMARK HUMAN SERVICES

**Important Note:**
This is the only written notification of this case you will receive by postal mail. All other action on this case, including schedules and continuances, is available at the board's website at http://www.in.gov/workcomp. Claimants NOT represented by counsel will continue to receive written notice.

# APPLICATION FOR ADJUSTMENT OF CLAIM

State Form 29109 (R5 / 8-02)

INSTRUCTIONS: Please TYPE or PRINT.
File ORIGINAL and 4 COPIES.

| FOR STATE USE ONLY | INDIANA WORKER'S COMPENSATION BOARD |
|---|---|
| Application number | 402 W. Washington St., Rm. W196 |
| C- 232578 | Indianapolis, IN 46204-2753 |

The request for your Social Security number is VOLUNTARY and you will not be penalized for refusing to supply it.

**Name of injured employee**
Roszetta Clark

**Address (number and street)**
2910 Bowser Avenue

**City, state, ZIP code**
Fort Wayne, IN 46802

**Telephone number**
( 260 ) 246-2707

**Social security number**
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

Employer's Worker's Compensation Insurance company (if known).

vs.

**Name of defendant / employer**
Benchmark Human Services

**Address (number and street)**
8515 Bluffton Road

**City, state, ZIP code**
Fort Wayne, IN 46809

**Telephone number**
( 260 ) 744-5145

The undersigned petitioner respectfully requests a hearing before a member of the Board for the following reasons. (please check one)

☑ Worker's Compensation Claim   ☐ Occupational Disease Claim   ☐ Change of Condition

**ATTENTION: ONLY ONE INJURY DATE PER FORM.**

| Date of injury / last exposure / death | Date employer notified of illness / injury / death | If not within 30 days explain |
|---|---|---|
| 11/2/2015 | 11/2/2015 | |

**Actual location of accident (number and street, city, state, ZIP code)**
6566 E. 1200 N. Ossian, IN 46777

**County of incident**
Wells

**Average weekly earning of the employee at the time of illness / injury / death**
$ 460

**Briefly describe how the accident / exposure occurred.**
Employee was kicked by a client causing her to fall/twist backwards landing on her left knee and right elbow.

If an employee has died as a result of the injury / exposure, complete this section for all persons surviving as self and only dependents. (attach extra information on dependents if needed)

| NAME | AGE | RELATIONSHIP | WHOLLY OR PARTIALLY DEPENDENT | ADDRESS |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**Comments or additional information that you feel is pertinent to this claim.**

Employee seeks a hearing to determine her eligibility to benefits under the Act, including whether employee is

at MMI and a determination on the appropriate PPI rating.

| Name of attorney | Attorney number | Signature of petitioner |
|---|---|---|
| Nathaniel O. Hubley | 28609-84 | |
| Address (number and street, city, state, ZIP code) | | Date signed (month, day, year) |
| 810 S. Calhoun Street, Fort Wayne, IN 46802 | | 12/07/2015 |
| Telephone number | | |
| ( 260 ) 422-4255 | | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EO-0048-A16<br>24D-2016-00104 |

| City of Fort Wayne Metro Human Relations Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Roszetta Clark | (260) 246-2707 | 02-03-1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2910 Bowser Avenue, Fort Wayne, IN 46806 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BENCHMARK HUMAN SERVICES | Unknown | (260) 744-6145 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8515 Bluffton Road, Fort Wayne, IN 46809 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [X] RETALIATION | [ ] AGE | [X] DISABILITY | | [ ] GENETIC INFORMATION |
| [ ] OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 08-29-2011   Latest 12-04-2015

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability who also had a past discrimination complaint filed through Fort Wayne Metropolitan Human Relations Commission against my employer Benchmark Human Services ("Benchmark"). On November 2, 2015, I was injured by a client. After my injury, Benchmark gave me a document to sign agreeing to work another location. I signed; however, the clients at this location were high behaviors and I noted this on the document. Benchmark later again asked me to sign the same document. When I pointed out that I already signed, Benchmark management became angry and stated they were done with me. I am currently on medical leave for an unrelated issue. Since going on leave, I have attempted several times to speak with members of management to verify my allotted time off and other benefit concerns, but Benchmark has refused to provide me with this information. I believed they are taking this action due to my disability, as well as in retaliation of my filing a past complaint against the company on August 29, 2011.

For these reasons, I feel I have been discriminated against on the basis of my disability in violation of the Americans with Disabilities Act Amendments Act of 2008. I also believe I have been retaliated against due to my past filing of a complaint in violation of Title VII of the Civil Rights Act of 1967, as amended, both in violation Fort Wayne Ordinance G-21-78, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 11, 2015    _Roszetta Clark_<br>Date    Charging Party Signature | _Roszetta Clark_<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>12/11/15 |

SEAL — NOTARY PUBLIC — INDIANA

**02D09-1703-CT-000170**

Allen Superior Court 9

Filed: 3/31/2017 3:17:48 PM
Clerk
Allen County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |
| | | |
| ROSZETTA CLARK | ) | CAUSE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BENCHMARK HUMAN | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## DEMAND FOR JURY TRIAL

Plaintiff, Roszetta Clark, hereby requests a trial by jury as to all issues so triable.

Respectfully submitted,

***THEISEN & ASSOCIATES, LLC***

/s/ Nathaniel O. Hubley
John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-64
Alex S. Schreiber, #31503-64
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
*Attorneys for Plaintiff*

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Roszetta Clark .<br>2910 Bowser Avenue<br>Fort Wayne, IN 46806 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2016-00104 | Jeremy A. Sells,<br>State & Local Coordinator | (317) 226-7221 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Michelle Eisele*

_____          January 24, 2017

Michelle F. Eisele,          (Date Mailed)
Director

Enclosures(s)

cc:   HR DIRECTOR
BENCHMARK HUMAN SERVICES
8515 Bluffton Road
Fort Wayne, IN 46809